In the matter of the petition of OAKLEY and others.

---

A party was interested in a bond and mortgage. D. gave a power of attorney to B. in 1824, to receive the amount coming to him whenever the mortgage should be paid off and to pay himself monies due and other parties designated and to whom he, (D.) was also indebted : HELD, that the statute of limitations did not run against the debts and that these creditors were justified in waiting until the mortgage was paid off—nor was payment to be presumed from lapse of time.

Where a power of attorney is given to pay the debt of another who holds a promissory note, such debt—after lapse of time—will be valid, although the note may not be forth coming. There has been substituted security.

A mortgage is made to a church; and a person, interested in the mortgage money, sells his interest in it to a trustee of the church : Such trustee can only charge against the church the amount he paid for it. He must, as to the rest, be considered as having acted for his church.

---

*June 23d.*
1835.

*Statute of limitations.*
*Power of attorney to pay a debt.*
*Trustee.*

On the fifth day of April one thousand eight hundred and twenty-four, the Abyssinian Baptist Church executed a bond and mortgage to Joseph Warren Brackett and Samuel Lewis, for securing one thousand seven hundred and sixty-eight dollars and seventy-six cents. (This was made subject to a prior mortgage for three thousand five hundred dollars executed by the church to John Rankin and Letitia Van Vechten, in trust for the estate of John Van Vechten, deceased.)

. A declaration in writing was executed under the hands and seals of the said Joseph Warren Brackett and Samuel Lewis, showing they were only trustees and not mortgagees in fact and that the mortgage monies in the mortgage to them were the proper monies of the persons and in the amounts following, namely, Richard Deane nine hundred and seventy-five dollars and seventy-six cents, Henry Dennis one hundred and fifty-four dollars, John Anderson two hundred and thirty-one dollars, Samuel Lewis sixty-one dollars, Benjamin Smith one hundred and twenty-five dollars, Jesse Davis one hundred dollars, Mary Jackson thirty dollars and fifty cents, Jane How twenty dollars and fifty cents, Diana

1835.

IN THE MAT-
TER OF OAK-
LEY.

Berry fifteen dollars and twenty-five cents and Grace Merrick forty-five dollars and seventy-five cents.

On the thirty-first day of December one thousand eight hundred and twenty-four, Richard Deane, one of the *cestuis que trust* of the mortgage, being indebted to the said Joseph W. Brackett and others, executed a power of attorney in favour of Brackett, empowering him to control and dispose of the bond and mortgage aforesaid and thereout pay himself, then to pay one Alexander De Regulus two hundred dollars, with interest, and for which the said Regulus then held his note, also to pay Thomas Ritchie two hundred and twenty dollars, and to hold the balance to his, the said Deane's, own order.

Joseph W. Brackett afterwards died, having made his will, whereby he appointed Daniel Oakley, William P. Hawes, Benjamin Clark and his widow executors and executrix—but Mess. Oakley and Hawes alone qualified.

Samuel Lewis, the other trustee in the mortgage, died, leaving his widow him surviving.

In consequence of the deaths of Brackett and Lewis, there was no one to execute the trusts of the bond and mortgage.

Richard Deane died in foreign parts. Benjamin Smith, another of the *cestuis que trust*, died, having made his will and appointed Thomas L. Jennings his executor.

Jesse Davis, another of the *cestuis que trust*, was also dead, and his widow was his administratrix—and the said Thomas L. Jennings was her agent and attorney.

Grace Merrick, a *cestui que trust*, had died, but prior thereto all her interest in the bond and mortgage had been purchased by the said Thomas L. Jennings. It appeared that Jennings was one of the trustees of the church.

Mary Jackson, a *cestui que trust*, was alive and had married Manich Francis. Jane How also was alive, now the wife of Anthony Lane. Diana Berry was dead; and had left a daughter. Jane Dennis was residing in New-York. And Henry Dennis, the remaining *cestui que trust*, had been absent for five years and was supposed to be dead.

All the above facts were detailed in a petition, presented by Daniel Oakley, William P. Hawes and Thomas Jen-

HARVARD LAW SCHOOL LIBRARY

nings; and which petition prayed the appointment of a trustee in the place of Joseph W. Brackett and Samuel Lewis deceased, for the purpose of collecting the amount due upon the bond and mortgage and to distribute the proceeds, &c.

A reference was had under this petition; and Philo T. Ruggles, Esquire, was appointed the trustee.

The solicitor for the Church then proposed that if the newly appointed trustee would consent to a reference to a master to take proof of the amounts actually due to the several parties interested in the mortgage, the amounts should be paid without a resort to foreclosure. The trustee thereupon presented a petition for the direction of the court; when an order was made to take proofs accordingly. The reference had been had; the master reported in favor of the claims of Brackett's executors, of Regulus, of Benjamin Smith, Jesse Davis and Grace Merrick and also in favor of some other of the *cestuis que trust.* The administrators of Deane appeared before the master and contested the claims of Brackett's executors and of Regulus; and took exceptions to the report on account of their allowance. The church also excepted to the allowance to Jennings, as the representative of Grace Merrick, of more than the amount he actually paid for her interest.

Mr. *J. Miller,* for the administrators of Dean and in support of the exceptions.

Mr. *James Smith,* for the Abyssinian Church.

Mr. *Hawes,* contra.

*December 8.*　　The VICE-CHANCELLOR:—The evidence is sufficient to warrant the master's report of the amount due to the executors of Brackett as against the administrators of Richard Dean. The power of attorney executed by Deane to Brackett is a power coupled with an interest and a trust is, at the same time, created for the purposes therein specified. It has reference to the security and payment of any monies then due when the bond and mortgage should be paid off.

1835.

IN THE MAT-
TER OF OAK-
LEY.

The power operates as an assignment of his interest in the bond and mortgage for the purpose of securing any debt or demand then existing in favor of Brackett, as well as any that might afterwards accrue to him, and also for the purpose of paying the specific debts owing by him to Regulus and Ritchie when the money should be received on the bond and mortgage from the church. A court of equity, under such circumstances, cannot permit the statute of limitations to be set up in bar of the demands. Nor is the presumption of payment to be raised. A means of payment being provided, through the medium of the power, out of the mortgage, the creditors might wait, relying upon the security, until the mortgage should be paid off, without incurring the danger of presumption from the lapse of time. There is enough in this case to repel the presumption of payment. The burthen of proof is upon Dean and his representatives to show payment, provided payment of these demands has been made.

With respect to the note which Regulus held for two hundred dollars and not now produced, it may well be supposed it was given up when the power of attorney was executed—there would be no necessity for holding the note any longer. The power provides for the payment of a specific amount, with interest, if required; and it may be considered a substituted security and the note no longer of any consequence. Hence, no presumption of payment of the note is to be drawn from the circumstance that this note is not now produced. For these reasons, I am of opinion the exceptions taken by the administrators of Dean must be overruled.

As to the one exception taken by the Church in respect to the allowance to Jennings, as assignee of Grace Merrick, of forty-five dollars and seventy-five cents: this is well taken. Jennings, being a trustee of the Church and having bought up this demand for twenty dollars, which is the consideration expressed in the assignment, can charge the Church no more than he paid for it. Any benefit from this bargain belongs to the Church, in whose behalf he must be considered as having acted. This exception is allowed.